# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 03 2015, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

Cherise L. Kelsaw,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 3, 2015

Court of Appeals Case No.
02A03-1504-CR-142

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Judge

Trial Court Cause No.
02D04-1409-FC-208

**Altice, Judge.**

**Case Summary**

[1] Cherise L. Kelsaw appeals her convictions for class C felony Battery[1] and class D felony Criminal Recklessness.[2] Kelsaw claims the evidence was insufficient to establish that she was the perpetrator of these crimes.

[2] We affirm.

## Facts & Procedural History

[3] The facts most favorable to the convictions follow. Before midnight on May 17, 2014, Vanessa Trigg went to a bar in Fort Wayne with her mother, Equella Morris, and Morris's friend, Katie Aspy. While the three were inside the bar, Kelsaw and Jasmine Vasquez entered. Trigg noticed Kelsaw, with whom she was not on friendly terms. The two groups ignored each other inside the bar. As Trigg, Morris, and Aspy were leaving around 3:00 a.m., however, Vasquez grabbed Trigg in the parking lot and the two began to fight. Shortly thereafter, Kelsaw drew a small black and pink handgun and fired several shots in an apparent effort to keep others from intervening. She then hit Trigg across the back of the head and the left side of the face with the gun, causing injuries. Several witnesses called 911 during the incident. Kelsaw and Vasquez then ran to a car and fled the scene.

---

[1] Ind. Code § 35-42-2-1. Effective July 1, 2014, this statute was revised and the offense of battery with a deadly weapon was reclassified as a Level 5 felony. Because Kelsaw committed this offense prior to that date, it retains its prior classification as a class C felony.

[2] I.C. § 35-42-2-2. Effective July 1, 2014, this statute was revised and the offense of criminal recklessness while armed with a deadly weapon was reclassified as a Level 6 felony. Because Kelsaw committed this offense prior to that date, it retains its prior classification as a class D felony.

[4] Trigg, Morris, and Aspy remained at the scene and spoke with the responding officers. Witnesses provided Officer David Tinsley with Kelsaw's and Vasquez's names, as well as a description and partial plate number of the getaway vehicle. Officer Tinsley also recovered two spent shell casings from the scene. Although officers went to several addresses associated with Kelsaw and/or Vasquez, they were unable to locate the vehicle in question shortly after the incident. Later that month, Morris provided police with a Facebook picture of Kelsaw holding a black and pink handgun at a shooting range.

[5] After the incident, Detective Robin Pfeiffer reviewed BMV records and discovered that Kelsaw owned a vehicle matching the description of the getaway vehicle. Detective Pfeiffer found the vehicle in question parked in front of Kelsaw's residence on or about June 26, 2014. Thereafter, she sought and obtained a search warrant for Kelsaw's Fort Wayne residence.

[6] On July 9, 2014, officers executed the search warrant, finding Kelsaw inside. During the search, they recovered a loaded black and pink Beretta from inside a purse. The Indiana State Police Lab subsequently determined that the spent shell casings recovered from the scene were fired from this handgun.

[7] On September 12, 2014, the State charged Kelsaw with class C felony battery with a deadly weapon and class D felony criminal recklessness. A jury found Kelsaw guilty as charged. The trial court sentenced her to four years in prison for the battery conviction, with two of those years suspended to probation, and

to a concurrent sentence of one year executed for the criminal recklessness conviction.

## Discussion & Decision

[8] Kelsaw does not dispute that Trigg was battered by a woman who had just committed criminal recklessness by firing a black and pink handgun. Kelsaw claims only that the State failed to establish that she was the one who committed these crimes.

[9] The standard of review for a sufficiency of the evidence claim is well settled. We will reverse a conviction on this ground only where "reasonable persons would not be able to form inferences as to each material element of the offense." *McCaskill v. State*, 3 N.E.3d 1047, 1049 (Ind. Ct. App. 2014). On review, we do not reweigh evidence or judge the credibility of witnesses. *Id.* In addition, we consider only the evidence most favorable to the conviction and the reasonable inferences stemming from that evidence. *Id.*

[10] Morris testified that during the altercation between Vasquez and Trigg, Kelsaw drew a black and pink handgun and fired multiple times. Thereafter, Kelsaw struck Trigg in the back of the head and side of the face with the gun. Morris called 911 as Vasquez and Kelsaw sped away, according to various witness accounts, in a maroon or burgundy Pontiac Grand Prix. During her 911 call, Morris frantically indicated that they had been jumped and that a woman fired shots and then hit her daughter with a gun. Morris also repeated the name Cherise to the 911 dispatcher multiple times.

[11] Other 911 callers gave consistent descriptions of the vehicle in which the attackers fled. Two callers provided partial license plate numbers, and one caller added that the driver's side mirror of the getaway car was broken. A caller also indicated that the shooter was a black female with a pink gun. Several of these witnesses also testified at trial.

[12] Wendy Robinson, who witnessed the fight from her nearby residence, testified that although there were about five women present, only two were initially fighting. She indicated that another woman pulled a black and pink Beretta from her purse and started shooting. Robinson believed this was intended to keep another from intervening in the fight. Robinson then observed the woman with the gun "pistol whipping" the victim. *Transcript* at 164.

[13] A vehicle matching the description of the getaway car, including the broken mirror, was later discovered by police outside Kelsaw's residence. Kelsaw was the owner of this maroon/burgundy Pontiac Grand Prix. A subsequent search of the residence resulted in the recovery of the black and pink handgun used during the shooting.

On appeal, Kelsaw directs us to minor inconsistencies among witness testimony and argues that Trigg and Morris were not credible and reliable witnesses. She also notes that she presented an alibi defense through the testimony of her brother. We reject the invitation to reweigh the evidence and judge witness credibility. The State presented ample evidence in support of the crimes charged, and the alibi defense was markedly weak.

Judgment affirmed.

Riley, J., and Brown, J., concur.